UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at COVINGTON

| | |
|---|---|
| RANDALL PRICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:21-CV-142-DCR-MAS |
| ) | |
| JAMES DAVID GREEN, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RECOMMENDED DISPOSITION**

This matter is before the Court on Petitioner Randall Price's ("Price") petition for writ of habeas corpus under 28 U.S.C. § 2254. [DE 1]. Price alleges three grounds for relief: that his convictions for first-degree assault and first-degree robbery was a double jeopardy violation, that his trial counsel was ineffective for not presenting the jury the recorded police interview of the victim, who was deceased at the time of the trial, and that there was prosecutorial misconduct at the trial in inappropriately arousing the jury's sympathy due to the victim's unrelated death. [DE 10 at Page ID# 80]. Accordingly, the Court requested a response from Respondent James David Green (referred to herein as "the Commonwealth")." [DE 11]. The Commonwealth responded and Price replied in support of his petition. For the reasons set forth below, the Court recommends the District Court dismiss the petition.

**I.   FACTS**

Price is serving a 30-year sentence for first-degree robbery and first-degree assault after a jury trial and conviction in Kenton Circuit Court. The Kentucky Supreme Court summarized the facts as follows:

Appellant entered a small bar in Latonia shortly before closing time and sat next to Nick Robbins, although the two were not acquainted. The bartender, Jennifer Carnes, brought Robbins another drink and placed his change, $7.00, on the bar beneath an ashtray. Appellant tried to take the money, but Carnes caught him and gave the money to Robbins. Appellant and Robbins were the last patrons to leave the bar.

Joyce Smeal, who was waiting in the parking lot to give Carnes a ride home, saw Appellant and Robbins leave the bar and light cigarettes. As the two walked together in her direction, Smeal saw Appellant suddenly, and apparently without warning, throw Robbins violently onto the ground and begin viciously punching and kicking him. According to Smeal, Appellant kicked Robbins with such force that it lifted him off the ground. With Robbins immobilized, Appellant rifled through his pockets and then fled the scene. Smeal testified that she did not see the two men arguing before the attack, that she did not see a gun in Robbins' possession, and that she did not see Robbins enter Appellant's vehicle at any time.

Erin Fleek witnessed the event from her kitchen window in a nearby apartment building. She saw Appellant beat Robbins and then reach into the victim's pockets. Fleek and some of her friends went outside to intervene. They yelled for Appellant to stop the beating, and Fleek saw Appellant deliver one last kick to Robbins' head before leaving the scene. Fleek called 911 and provided a description of Appellant and his car.

Meanwhile, after finishing her closing duties, Carnes left the bar and saw Robbins lying motionless on the ground so badly beaten and covered with blood she did not recognize him. Sargent Patrick Reece saw Appellant's car leaving the scene. Reece activated his emergency equipment signaling Appellant to stop. Appellant drove on for a short distance before stopping, during which time Reece saw Appellant throw something out of the passenger side window. Further investigation disclosed that the item thrown from the vehicle was Robbins' wallet.

After his arrest, Appellant made several statements to the police. He told police that Robbins had asked him for a ride from the bar to Cincinnati where he planned to get crack cocaine and hire a prostitute. Appellant said he declined Robbins' request, and as they left the bar, Robbins seemed agitated. Appellant said that he told Robbins he would give him two Percocet pills which he had in his car. Robbins got into Appellant's car, and instead of Percocet, Appellant gave Robbins two ibuprofen tablets, which Robbins consumed. Appellant said that Robbins then became angry and aggressive. After Robbins took a swing at him, Appellant "busted his ass." During the police interview,

> Appellant never claimed that Robbins had a gun, but he testified at trial that Robbins drew a gun and threatened him. A BB gun was found at the scene where Robbins was beaten, although its source was never determined. Appellant testified that he beat Robbins because Robbins threatened him with a gun.
>
> Robbins suffered devastating injuries to his face, eye, and mouth as a result of the assault. One of the first responders to the scene testified that the victim was bleeding from his head, barely breathing, and not moving. Robbins' recovery from the assault was exacerbated by alcohol withdrawal symptoms and the preexisting conditions of Hepatitis C and cirrhosis of the liver. A few months after the assault, and before the trial, Robbins succumbed to his liver disease and died at the age of fifty-nine.

*Price v. Commonwealth*, 2016 WL 7665874, at *1–2 (Ky. Dec. 15, 2016). Price appealed to the Kentucky Court of Appeals and then the Kentucky Supreme Court. The Kentucky Supreme Court affirmed Price's conviction. *Id*. Price then filed a pro se motion to vacate, set aside, or correct his sentence under Kentucky Rule of Criminal Procedure (RCr) 11.42. The trial court denied the motion and Price appealed to the Kentucky Court of Appeals, which affirmed the trial court's denial of Price's motion to vacate. The Kentucky Supreme Court denied Price's motion for discretionary review.

Price filed the instant habeas petition pursuant to 28 U.S.C. § 2254, raising the following grounds for relief: (1) His conviction for first-degree assault and first-degree robbery was a double-jeopardy violation; (2) his trial counsel was ineffective for not presenting to the jury the recorded police interview of the victim, who was deceased at the time of the trial; and (3) the prosecutor engaged in misconduct in making "Golden Rule"-type statements to arose the jury's sympathy in discussing the victim's unrelated death. [DE 1 at Page ID# 6-7]. For the reasons that follow, the Court finds none of these grounds sufficient to warrant habeas relief and will recommend the petition be dismissed and no certificate of appealability be issued.

3

## STANDARD OF REVIEW

Pursuant to the Antiterrorism and Death Penalty Act (AEDPA),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard of review is "highly deferential" and "difficult to meet." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). It is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

This exacting standard only applies with respect to claims that were adjudicated on the merits in the state court proceedings. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The federal courts must consider any procedural-bar issue that would preclude consideration of the petitioner's claims on the merits, including the procedural bar of the claims raised in the habeas petition that were not adjudicated in the state court. "In all

4

cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Where the petitioner makes a factual argument, "[t]he federal court must presume that all determinations of factual issues made by the state court are correct unless the defendant can rebut that presumption by clear and convincing evidence." *Mitchell v. Mason*, 325 F.3d 732, 737–38 (6th Cir. 2003). Ineffective assistance of counsel claims are mixed questions of law and fact to which the federal court must apply the "unreasonable application" prong of § 2254(d)(1). *Id*. "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Ineffective assistance of counsel, if proven, could constitute a constitutional error. *Strickland v. Washington*, 466 U.S. 668, 685-87 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must prove (1) that their counsel's performance was deficient, and (2) that the petitioner suffered prejudice due to said deficiency. *Id*. at 687. Deficient performance is shown only through proving "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. A showing of prejudice requires a "reasonable probability that, but for

5

counsel's errors, the judicial outcome would have been different." *Id*. at 694-95. Petitioner must adequately fulfill both components of the analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. Of course, in the doubly-deferential context of habeas review, this can only be found where the state court unreasonably applied *Strickland* pursuant to the AEDPA standard.

## II.  ANALYSIS

### A.  GROUND ONE: DOUBLE JEOPARDY

Price, in Ground One of his petition, claims that his convictions for first-degree assault and first-degree robbery resulted in a double-jeopardy violation. [DE 1 at Page ID#.6-7]. Price argues that the "the assault [first degree] does not contain an additional element that is already contained in robbery first degree." *Id*. Price raised this claim for the first time in his appeal of his R 11.42 motion to the Kentucky Court of Appeals by burying his ineffective assistance of counsel argument. The Court of

Appeals noted that it was purposefully ignoring the issue in its opinion, stating that Price had "summarily" raised a number of issues but that "[a]n appellant's failure to discuss particular error in his brief is the same as if no brief at all had been filed on those issues." *Price v. Commonwealth*, 2021 WL 1932722, at *3 (Ky. App. May 14, 2021) (*quoting Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979)).[1] Regardless, the proper procedure for raising a double-jeopardy claim is via direct appeal. *See Brewster v. Commonwealth*, 723 S.W.2d 863, 865 (Ky. App. 1986).

Section 2254(b)(1)(A) directs that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). Whether a claim has been exhausted under available state remedies is a "threshold question" that must be addressed before deciding the merits of a petition. *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009). Though the exhaustion requirement is not jurisdictional, it is "designed to give the States and the state courts a first look at the habeas petitioner's claims." *Id.* at 1032. A "state prisoner must exhaust all available state remedies before bringing a habeas petition under 28 U.S.C. § 2254." *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987). "This generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review." *Id.* (citations omitted). Thus, Price did not exhaust his state remedies on his double-jeopardy claim

---

[1]

7

because he did not pursue it on direct or collateral appeal; thus, the claim is now procedurally defaulted for habeas purposes.

Though this ground for relief is procedurally defaulted, it also fails on the merits. The Kentucky Supreme Court described, in detail, this very issue in *McNeil v. Commonwealth*. There, as here, the defendant was convicted of first-degree assault and first-degree robbery. *See McNeil v. Commonwealth*, 468 S.W.3d 858, 870 (Ky., 2015). That Court analyzed the two offenses, found them distinct, and concluded that "the physical-injury theory of robbery does not subsume assault for double jeopardy purposes." *Id*.

Thus, not only is Price's claim for relief on double-jeopardy grounds procedurally defaulted due to his failure to exhaust his state remedies, but because it is well-settled under Kentucky law that convictions for first-degree assault and first-degree robbery under the Kentucky statute do not result in a double-jeopardy violation, Price is not entitled to habeas relief on this claim.

**B.   GROUND TWO: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO ALLOW DEFENDANT TO MAKE A PRESENTATION OF RECORDED POLICE INTERVIEW OF THE DECEASED**

As noted above, ineffective assistance claims brought in § 2254 proceedings are entitled to doubly-deferential review: the pivotal question is not whether defense counsel's performance fell below *Strickland's* standard, but rather, "[t]he pivotal question is whether the state court's application of the standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id*.

8

It is under this exceedingly deferential standard that the Court turns to Price's argument that his trial counsel was ineffective for failing to make a presentation of the recorded police interview of the victim in this case. Price raised this same ineffectiveness argument in his RCr 11.42 motion in the state court, and the Kentucky Court of Appeals addressed this issue in affirming the trial court's denial of RCr 11.42 relief:

> Price also alleges that his counsel was ineffective for not introducing the victim's statement to police at the trial. Because Price wanted the statement introduced to establish that he "acted in self-defense," he would have employed the unsworn statement to prove a fact in contest and thus the statement would have been properly rendered inadmissible hearsay pursuant to KRE 3 801(c). The statement of the victim to police was unsworn, so it was clearly not admissible under KRE 804(b)(1), despite Price's arguments to the contrary. *See Brown v. Commonwealth*, 313 S.W.3d 577, 608 (Ky. 2010) and *St. Clair v. Commonwealth*, 140 S.W.3d 510 (Ky. 2004). Because the statement clearly was not admissible, it was likely counsel recognized such and that was the reason he did not attempt to introduce it. The trial court did not abuse its discretion in so finding, and we agree wholly with the trial court's determination.

*Price v. Commonwealth*, 2021 WL 1932722, at *4 (Ky. App. May 14, 2021). Earlier in the same opinion, the Kentucky Court of Appeals correctly set forth the Strickland standard. *Id*. (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Thus, combined with the excerpt quoted above, the Kentucky Court of Appeals utilized the controlling Supreme Court case law, analyzed the issue in a manner compliant with that standard, and reasonably determined pursuant to the Kentucky Rules of Evidence that Price was not entitled to relief. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citations omitted). Nonetheless, this Court agrees with the Kentucky Court of Appeals' determination that it would have been futile for defense counsel

9

to seek admission of the deceased's statement to the police, and failure to raise futile arguments are not evidence of ineffective assistance of counsel. *See United States v. Martin*, 45 Fed. App'x. 378, 381 (6th Cir. 2002) (discussing that one's counsel cannot provide deficient performance by failing to raise wholly meritless claims) (citing *Strickland v. Washington*, *supra* at 688). Thus, Price cannot satisfy either prong of *Strickland*.

Affording "both the state court and the defense attorney the benefit of the doubt" *Woods v. Etherton*, 578 U.S. 113, 117 (2016), and finding that Price cannot show the Kentucky Court of Appeals' decision regarding his ineffective assistance of counsel claim was contrary to, or an unreasonable application of established federal law, his claim for relief should be dismissed.

C.  **GROUND THREE: PROSECUTORIAL MISCONDUCT**

Price argues the prosecution impermissibly referenced the victim's (unrelated) death to arouse the sympathy of the jury in a "Golden Rule"-esque statement. Specifically, Price takes issue with the following statement made during closing arguments:

> Unfortunately, Nick Robbins could not come. He could not come to tell you what happened to him. But those witnesses, they did. And folks, while Nick Robbins no longer has a voice, you have the opportunity to be his voice. You have the opportunity to write the final chapter to this tragedy started and created by the defendant.

*Price v. Commonwealth*, 2016 WL 7665874, at *8 (Ky. Dec. 15, 2016). The Kentucky Supreme Court acknowledged that "[e]ncouraging the jury to act in unison as the victim's 'voice' is rhetoric that invites the jury to step outside its proper role . . . The jury's purpose is not to act as 'the voice' of the victim and it is prosecutorial misconduct for a prosecutor to urge them to do so." *Id*. Nonetheless, applying the four-factor test from *Mayo v. Commonwealth*, 322 S.W.3d 41, 55 (Ky.

10

2010), the Court was "persuaded that the prosecutor's missteps did not constitute 'flagrant misconduct,' and taken together are not cause for reversal." *Price v. Commonwealth*, 2016 WL 7665874, at *8 (Ky., Dec. 15, 2016). The Court concluded that although there were errors, "[t]he errors did not substantially sway the verdict, and accordingly, the errors were harmless error under the standard of *Winstead v. Commonwealth*, 283 S.W.3d 678, 689 (Ky. 2009)." *Price v. Commonwealth*, 2016 WL 7665874, at *9 (Ky. Dec. 15, 2016). Although "Supreme Court precedent does not directly address a prosecutor's use of a 'golden rule' argument . . . Sixth Circuit precedent can guide our analysis" as set forth in a denial of relief in a similar § 2254 claim:

> [T]his Court has declined to grant habeas relief to petitioners alleging that their prosecutors made similar statements, even in the context of other alleged misconduct. *See Bowling v. Parker*, 344 F.3d 487 (6th Cir. 2003) (citation omitted); *see also Wogenstahl v. Mitchell*, 668 F.3d 307, 333 (6th Cir.2012), cert. denied, *452 —— U.S. ——, 133 S.Ct. 311, 184 L.Ed.2d 185 (2012). Thus, the Ohio Court of Appeals did not unreasonably dismiss this claim.

*Ross v. Pineda*, 549 F. App'x 444, 451–52 (6th Cir. 2013) (denying § 2254 relief where prosecutors made impermissible "golden rule" statements). Based on *Ross*, and the Supreme Court's otherwise silence on the issue, this Court cannot find that the Kentucky Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See* 28 U.S.C. § 2254(d)(1)-(2). Thus, habeas relief is not warranted on this claim for relief.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue where a habeas petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a petitioner to demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The reviewing court must indicate which specific issues satisfy

11

the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see also Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (requiring an "individualized determination of each claim" in considering whether to grant a certificate of appealability). Price has not made a "substantial showing" as to any claimed denial of rights.

The Court believes its determination on the merits for grounds two and three, which hinge on the deferential AEDPA standard and a reasonable and factually supported result from the state court, are not debatable. None of the claims presents a close issue involving a violation or unreasonable application of clearly established federal law, or any other avenue of relief under § 2254. As discussed thoroughly above, reasonable jurists would not find that the Kentucky Court of Appeals rendered "a decision that was contrary to, or involved an application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d).

"When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court's determination that ground one is procedurally defaulted is fully supported by the record in this case and cannot be fairly debated. As discussed herein, that claim was not exhausted in the state court.

The Court recommends the District Court find that Price is not entitled to a certificate of appealability.

## IV.  CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Price's § 2254 petition (DE 1) be **DENIED**, that this matter be **DISMISSED WITH PREJUDICE**, and that no certificate of appealability should issue.

The parties are directed to 28 U.S.C. § 636(b)(1) for appeal rights concerning this Recommended Disposition.  Within fourteen days after being served with a copy of this decision, the parties may serve and file objections to the findings and recommendations herein for *de novo* determination by the District Court.  28 U.S.C. § 636(b)(1).  Failure to make timely objections will normally result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 150-51 (1985).

Entered this 12th day of June, 2023.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY

13