UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| RANDALL PRICE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2: 21-142-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES DAVID GREEN, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Randall Price filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Record No. 1]  His petition was referred to United States Magistrate Judge Matthew Stinnett for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Stinnett issued a Recommended Disposition on June 12, 2023, recommending that Price's petition be dismissed and that no Certificate of Appealability ("COA") be issued. [Record No. 14] Price raises several objections to the Magistrate Judge's Recommended Disposition.

This Court makes a *de novo* determination of those portions of a magistrate judge's recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C).  However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  After a careful examination of the record, including the petitioner's objections, the Court will adopt the Magistrate Judge's Recommended Disposition and deny the relief requested by Price.

- 1 -

## I. Background

On October 3, 2014, Price was involved in an altercation with Nick Robbins at the Funny Farm Bar in Latonia, Kentucky.  According to witness accounts, Price entered the bar shortly before closing and sat next to Robbins, although the two were previously unacquainted. Price and Robbins exited the bar together at closing time.  A witness who observed them walking through the bar's parking lot saw Price "throw Robbins violently onto the ground and begin viciously kicking and punching him." [Record No. 10-2, p. 145] After the beating ended, Price "rifled through [Robbins'] pockets and then fled the scene." [*Id.*]  Robbins suffered from preexisting conditions of hepatitis C and cirrhosis of the liver, and he succumbed to his illnesses before Price's trial. [*Id.* at p. 147]

Price was indicted for of one count of first-degree assault (Count 1) and one count of first-degree robbery (Count 2).  [Record No. 10-2, p. 1] During trial, he asserted the defense of self-protection, explaining that he "beat Robbins because Robbins threatened him with a gun." [*Id.* at p. 147] Price also claimed that he acted under extreme emotional disturbance when he assaulted Robbins.  The jury rejected these defenses and convicted him on both counts.  Price was sentenced to consecutive sentences of twenty years' imprisonment for Count 1 and 10 years for Count 2, for a total sentence of 30 years' imprisonment. [*Id.* at p. 20]

Price ultimately appealed his conviction to the Supreme Court of Kentucky, arguing that he was "entitled to directed verdicts acquitting him of both charges; that the jury instructions pertaining to self-protection and extreme emotional disturbance [were erroneous]; . . . and that the prosecutor engaged in prosecutorial misconduct on multiple occasions during

his closing argument." [*Id.* at p. 144]   But that court rejected Price's arguments and affirmed his conviction.  [*Id.* at p. 165]

Price filed a motion for post-conviction relief pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure, in which he asserted a host of claims regarding his trial attorney's alleged ineffective assistance and prosecutorial misconduct.  [*Id.* at 167-68] The Kenton Circuit Court denied the motion and the Kentucky Court of Appeals affirmed that determination.  [*Id.* at pp. 335, 339] The Supreme Court of Kentucky denied the petitioner's motion for discretionary review on October 20, 2021.  [*Id.* at p. 362]

Price timely filed this habeas petition pursuant to 28 U.S.C. § 2254.  [Record No. 1] He alleges three grounds for relief.  He claims that: (1) his convictions for first-degree assault and first-degree robbery violate double jeopardy; (2) his trial attorney was ineffective for failing to introduce evidence of Robbins' recorded statements to police; and (3) the prosecutor improperly mentioned in his closing statement the fact that Robbins had passed away.  [*Id.* at pp. 6-8]

Magistrate Judge Stinnett recommends denying all of these claims.  [Record No. 14] He explains that Price's double jeopardy claim should be denied because the petitioner failed to exhaust administrative remedies in state court.  [*Id.* at pp. 6-7] Moreover, Price's first claim fails on the merits because "it is well-settled under Kentucky law that convictions for first-degree assault and first-degree robbery do not result in a double jeopardy violation." [*Id.* at p. 14] Next, Magistrate Judge Stinnett recommends denying Price's second claim because the Price has not demonstrated that the state court unreasonably applied the federal standard for evaluating his ineffective assistance of counsel claim, as set forth in *Strickland v. Washington*, 466 U.S. 668, 685-87 (1984).  [*Id.* at pp. 8-10] Finally, the Magistrate Judge concludes that

Price's prosecutorial misconduct claim should be denied because the Supreme Court of Kentucky did not unreasonably apply clearly established federal law when it found that the prosecutor's statements did not justify reversing his conviction.  [*Id.* at pp. 10-11]

## II.  Legal Standard

A state prisoner claiming that "he is in custody in violation of the Constitution or laws . . . of the United States" may seek habeas relief in federal court pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  Under AEDPA, Price's writ of habeas corpus may be granted only if the state court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

Section 2254(d)(1) "goes no further" than to "preserve[] authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court of the United States'] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *see also Jones v. Jamrog*, 414 F.3d 585, 591 (6th Cir. 2005) (holding that a state court's decision is contrary to clearly established federal law under section 2254(d)(1) if it "(1) arrives at a legal holding that contradicts a Supreme Court case or (2) involves facts that are materially indistinguishable from a Supreme Court case but nonetheless arrives at a substantially different result").  The petitioner bears the burden of proof under this "highly deferential standard for evaluating state-court rulings." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation and internal quotation marks omitted).

## III.  Discussion

### 1.  Double Jeopardy

Price's first claims that he is entitled to relief because his convictions for first-degree assault and first-degree robbery constitute a double jeopardy violation. [Record No. 1, p. 6] More specifically, he contends that his "assault [charge] does not contain an additional element that is already contained in [the] robbery [charge]." [*Id.*]

Price objects to Magistrate Judge Stinnett's conclusion that he did not exhaust state remedies with respect to his first claim. He explains that he did not raise his double jeopardy claim at trial or on direct appeal because his trial and appellate attorneys told him that the issue lacked merit. Thus, he argues that his failure to comply with procedural requirements should be excused by his counsel's improper advice. [Record No. 15, pp. 1-2]

Under 28 U.S.C. § 2254(b)(1)(A), an individual seeking habeas relief pursuant to the judgment of a state court must "exhaust the remedies available in the courts of the State." The United States Court of Appeals for the Sixth Circuit has recognized that a claim for relief satisfies § 2254(b)(1)(A) when its factual and legal basis has been "fairly presented" to the state courts. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). While the petitioner need not argue his claim by every means of collateral attack in state court, he must present the factual and legal basis of his claim to the state's highest court before filing his § 2254 petition. *Id.*; *see also Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims.").

Magistrate Judge Stinnett correctly concludes that Price failed to exhaust state court remedies with respect to his double jeopardy claim. Price did not assert a double jeopardy claim on direct appeal before the Supreme Court of Kentucky or in his motion for collateral relief filed under Rule 11.42. [Record No. 10-2, pp. 144-65, 166-97] Instead, he first raised

the issue in his brief appealing the trial court's denial of his Rule 11.42 motion, which led to the Kentucky Court of Appeals rejecting his claim without addressing it.  [*Id.* at pp. 268-69] By failing to raise his double jeopardy claim, either on direct appeal or before the trial court in his Rule 11.42 motion, Price did not "fairly present[] his claim[] to the state courts." *Geneva v. Lazaroff*, 77 F. App'x 845, 849 (6th Cir. 2003).

The undersigned is not persuaded by the petitioner's argument that his failure to comply with procedural requirements should be excused by his attorneys' ineffective assistance. [Record No. 15, pp. 1-2] A prisoner who does not exhaust remedies in the state courts may nonetheless present his claim in a federal habeas petition if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Geneva*, 77 F. App'x at 850.  Here, Price has not satisfied either requirement.

Price claims that his noncompliance should be excused because his attorneys improperly advised him that his claim was meritless.  But even assuming that his attorneys' advice constituted ineffective assistance, such conduct did not prevent Price from raising the issue in his motion for habeas relief in state court.  *See id.* (finding that alleged ineffective assistance of trial counsel did not excuse petitioner's failure to raise his claim in motion for post-conviction relief because "there is no federal constitutional right to counsel beyond the direct appeal and, hence, there can be no claim of ineffective assistance of counsel").

Moreover, Price has not demonstrated that the alleged constitutional violation prejudiced the outcome of his case.  Nor can he, given that no double jeopardy violation occurred.  Under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, criminal defendants are protected from "successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same

offense." *Rashad v. Burt*, 108 F.3d 677, 679 (6th Cir. 1997).  Courts use the *Blockburger* test in evaluating whether a defendant's conviction under multiple statutes for a single course of conduct violates the prohibition against double jeopardy, which requires asking whether each charged offense "requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Magistrate Judge Stinnett correctly notes that the Supreme Court of Kentucky held in *McNeil v. Commonwealth* that a conviction for first-degree assault and first-degree robbery does not violate the Double Jeopardy Clauses of either the United States Constitution or the Kentucky constitution.  468 S.W.3d 858, 866-67 (Ky. 2015).  In *McNeil*, the defendant claimed that his convictions for first-degree assault under KRS § 508.010 and first-degree robbery under KRS § 515.020 should be merged for double jeopardy purposes.  *Id.* at 860.  Applying *Blockburge*r, the state court compared the statutes of conviction and identified three distinctions: (1) the statutes contain different "mental element[s]"; (2) first-degree assault requires "proof of 'serious physical injury,'" while first-degree robbery requires only "'physical injury'"; and (3) "the physical-injury form of first-degree robbery does not require proof as to the cause of the physical injury, while first-degree assault requires evidence of the use of either a deadly weapon or dangerous instrument." *Id.* at 870.  Considering these differences, the court concluded that "under *Blockburge*r, the physical-injury theory of robbery does not subsume assault for double jeopardy purposes." *Id.*

Price was charged with first-degree assault under KRS § 508.010 and first-degree robbery under KRS § 515.020—the same statutes at issue in *McNeil*.  Accordingly, just as the *McNeil* court held, his convictions under those statutes do not violate the prohibition against double jeopardy.  But Price argues that his offenses should merge because he was convicted

under "physical-injury theory of robbery," rather than a "dangerous instrument" theory of robbery.  [Record No. 15, p. 6] However, the Supreme Court of Kentucky rejected that same argument in *McNeil*.  It explained that a defendant's double jeopardy claim does "not hinge on how the Commonwealth pleads and presents its case, i.e., as a deadly weapon or dangerous instrument form of robbery as opposed to a physical-injury form of robbery," but instead depends on the comparison of the elements of the statutes of conviction under *Blockburger*.  *Id.* at 870-71.  Price has not provided any reason why the *McNeil* court's determination does not apply to his case.  Price's first claim is rejected because it is both procedurally defaulted *and* lacks merit.

### 2.  Ineffective Assistance of Trial Counsel

Price next claims that his trial attorney was ineffective for failing to present evidence of Robbins' recorded interview with police at trial.  [Record No. 1, p. 8] Magistrate Judge Stinnett recommends rejecting this claim.  He explains that the state court reasonably applied *Strickland v. Washington* when it held that trial counsel did not provide constitutionally ineffective assistance.  [Record No. 14, pp. 8-10]  Price objects to this recommendation, stating that he has a "gut feeling" that his attorney should have presented the recording of Robbins' statements to police to the jury.  [Record No. 15, p. 8]

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel.  U.S. Const. amend. VI.  A defendant claiming ineffective assistance must show (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 688, 694.  However, the Magistrate Judge correctly notes that when reviewing an ineffective assistance claim asserted

- 8 -

in a § 2254 petition, "the pivotal question is not whether defense counsel's performance fell below *Strickland*'s standard, but rather . . . 'whether the state court's application of the standard was unreasonable.'"  [Record No. 14, p. 8 (citing *Harrington v. Richter*, 562 U.S. 86, 101 (2011))]

Price has not demonstrated that the Kenton Circuit Court unreasonably applied *Strickland* when denying his ineffective assistance claim.  In affirming the trial court's denial of the claim, the Kentucky Court of Appeals explained that the petitioner's trial attorney was not ineffective for failing to present the victim's recorded statement at trial because "the statement clearly was not admissible." [Record No. 10-2, p. 344]  Specifically, the court noted that Robbins' statement constituted inadmissible hearsay under Rule 801(c) of the Kentucky Rules of Evidence because Price admittedly sought to introduce the statements to prove that the petitioner "acted in self-defense." [*Id.* at p. 343] Additionally, it explained that the victim's recorded statements would have been barred under Rule 804(b)(1) of the Kentucky Rules of Evidence because they were unsworn. [*Id.* at p. 344]

Federal courts may not reexamine a state court's application of its own evidentiary law in the context of a habeas proceeding.  *See Walker v. Engle*, 703 F.2d 959, 962 (6th Cir.1983) (noting that "errors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus").  The undersigned agrees, however, with the Magistrate Judge's conclusion that given the likely inadmissibility of Robbins' recorded statements under the Kentucky Rules of Evidence, Price's attorney was not ineffective for declining to introduce the recording at trial.  Moreover, the Kentucky Court of Appeals did not unreasonably apply *Strickland* in reaching that conclusion.  Therefore, the petitioner's second claims is rejected.

### 3. Prosecutorial Misconduct

Finally, Price claims that the prosecutor engaged in misconduct during trial by mentioning Robbins' death to the jury during closing arguments. [Record No. 1, p. 9] Price contends that the following statements from the prosecution improperly "arouse[d the] sympathy of [the] jury":

> Unfortunately, Nick Robbins could not come. He could not come to tell you what happened to him. But those witnesses, they did. And folks, while Nick Robbins no longer has a voice, you have the opportunity to be his voice. You have the opportunity to write the final chapter to this tragedy started and created by the defendant.

[Record No. 10-2, p. 161]

The Supreme Court of Kentucky found that this "golden rule" argument was improper, explaining that "[e]ncouraging the jury to act in unison as the victim's 'voice' is rhetoric that invites the jury to step outside its proper role." [*Id.*] However, the state court recognized that the statements did not amount to "flagrant misconduct" under Kentucky law. [*Id.* at p. 162-63 (citing *Mayo v. Commonwealth*, 322 S.W.3d 41, 56 (Ky. 2010) (considering four factors in determining whether a prosecutor's improper comments warrant reversal: "(1) whether the remarks tended to mislead the jury or to prejudice the accused; (2) whether they were isolated or extensive; (3) whether they were deliberately or accidentally placed before the jury; and (4) the strength of the evidence against the accused"))] The state court held that the statements did not warrant reversal under *Mayo*'s four-part test, given the strength of the evidence against Price and the weakness of the petitioner's theory of the case. [*Id.*]

Magistrate Judge Stinnett concluded that the state court did not unreasonably apply federal law in rejecting Price's claim. [Record No. 14, p. 11] He explained that although the Supreme Court has never addressed the propriety of a prosecutor's "golden rule" statements,

the Sixth Circuit has denied § 2254 relief to a petitioner alleging that the prosecutor made emotional appeals to the jury.  [Record No. 14, pp. 11 (citing *Ross v. Pineda*, 549 F. App'x 444, 451-52 (6th Cir. 2013))]

In *Ross*, the prosecutor asked jurors to identify with the parents of the victims during closing arguments.  549 F. App'x at 451.  The state court of appeals recognized that although the prosecutor should not have asked the jury "to imagine themselves in a situation similar to one described at trial," the statements did not warrant reversing the defendant's conviction because they "did not encourage the jury to be 'unduly emotional.'"  *Id.*  The Sixth Circuit upheld the state court's determination and explained that despite the lack of Supreme Court precedent discussing the issue, the circuit court "has declined to grant habeas relief to petitioners alleging that their prosecutors made similar statements."  *Id.* at 451-52.

Price objects to the Magistrate Judge's Recommended Disposition regarding this issue. He claims that the prosecutor's statement amounted to reversible error because it was deliberate, "mislead the jury to believe [that he was] in some way responsible for [Robbins'] death," and because the "evidence against [him] cannot be considered as strong."  [Record No. 15, pp. 9-10]  But Price's attempt to relitigate the propriety of the Commonwealth's statements under *Mayo* does not render the state supreme court's application of that standard unreasonable.  Moreover, he has not demonstrated that the Supreme Court of Kentucky unreasonably applied clearly established *federal* law when it held that the prosecutor's statements were not so egregious as to justify reversing his conviction.  As a result, Price's third claim also will be denied.

## IV.  Certificate of Appealability

A federal habeas court that denies a § 2254 petition must determine whether a COA should issue. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. Under AEDPA, a court may issue a COA for a § 2254 petition "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To successfully obtain a COA, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not debate the conclusions outlined above. Price has not provided a valid reason why the Court should excuse his failure to raise his double jeopardy claim on direct appeal or before the trial court in his motion for collateral relief under Rule 11.42 of the Kentucky Rules of Criminal Procedure. His first claim also fails on the merits, as the Kentucky Supreme Court has held that, under *Blockburger*, convictions for first-degree assault and first-degree robbery do not violate double jeopardy. Next, Price has not shown that the state court unreasonably applied *Strickland* when concluding that his trial attorney's refusal to present likely inadmissible evidence amounted to constitutionally ineffective assistance. Finally, Price has not demonstrated that the Supreme Court of Kentucky unreasonably applied federal law when holding that the Commonwealth's "golden rule" statements, albeit improper, were not so prejudicial as to warrant reversal of his conviction. Price is not entitled to a COA.

## V. Conclusion

Price has failed to demonstrate entitlement to relief. Accordingly, is hereby

**ORDERED** as follows:

1.      United States Magistrate Judge Matthew Stinnett's Recommended Disposition [Record No. 14] is **ADOPTED** and **INCORPORATED** here by reference.

2.      Petitioner Randall Price's 28 U.S.C. § 2254 petition [Record No. 1] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3.      The Clerk of the Court is directed to forward a copy of this Memorandum Opinion and Order to the petitioner.

4.      A Certificate of Appealability will not issue.

Dated: July 24, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky